determining the value of said merchandise, and that such value is Danish kroner 21 per hundred for the 10 ampere fuses and Danish kroner 26 per hundred for the 15 ampere fuses, packing included in both prices.

Judgment will be entered accordingly.

R. H. MACY & CO., INC. v. UNITED STATES

No. 7555.—Invoices dated London, England, May 28, 1942, etc.
Certified May 29, 1942, etc.
Entered at New York, N. Y., June 22, 1942, etc.
Entry Nos. 755633/2; 717878/4.

(Decided February 27, 1948)

*John R. Rafter* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This proceeding has been submitted upon a stipulation wherein the parties hereto have agreed that the issues involved in these reappraisements are the same in all material respects as in the case of *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334. The record in that case was admitted as part of the record herein.

In view of the aforesaid stipulation and accepting same as a statement of fact, and in view of the decision cited, I find and hold that the export values of the merchandise are the values found by the appraiser, less any additions on entry by the importer by reason of advances by the appraiser in similar cases to equal the so-called British purchase tax.

Judgment will be rendered accordingly.

FONDEVILLE & CO., INC., ET AL. v. UNITED STATES

No. 7556.—Invoices dated Stoke on Trent, England, May 1945, etc.
Certified May 1945, etc.
Entered at New York, N. Y., June 18, 1945, etc.
Entry No. 736530, etc.

(Decided February 27, 1948)

*Fred Bennett* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This proceeding has been ·submitted upon a stipulation wherein the parties hereto have agreed that the issues involved in the reappraisements listed in schedule A, hereto attached and made a part hereof, are the same in all material respects as in the case of *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334. The record in that case was admitted as part of the record herein.

In view of the aforesaid stipulation and accepting same as a statement of fact, and in view of the decision cited, I find and hold that the export values of the merchandise are the values found by the appraiser, less any additions on entry by the importers by reason of advances by the appraiser in similar cases to equal the so-called British purchase tax.

Judgment will be rendered accordingly.